UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. DAVIS,<br><br>             Plaintiff,<br><br>     v.<br><br>GREG SUHR, et al.,<br><br>             Defendants. | Case No. 16-cv-04487-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Dkt. No. 17 |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

### DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was the victim of a false arrest and was improperly treated in jail. He seeks money damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process − that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id*. at 389-90. The Court stated that the

1  contention that "an action which would impugn *an anticipated future conviction* cannot be brought
2  until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393
3  (italics in original). Although the Court was only considering when the statute of limitations
4  began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck*
5  does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or
6  charged.

7  If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other
8  claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is
9  within the power of the district court, and accords with common practice, to stay the civil action
10 until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff
11 is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires
12 dismissal; otherwise, the case may proceed. *Id*. at 394.

13 When a pretrial detainee challenges conditions of his confinement, the proper inquiry is
14 whether the conditions amount to punishment in violation of the Due Process Clause of the
15 Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does
16 not acquire the power to punish with which the Eighth Amendment is concerned until after it has
17 secured a formal adjudication of guilt in accordance with due process of law. Where the State
18 seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due
19 Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651,
20 671-72 n.40 (1977)).

21 The state may detain a pretrial detainee "to ensure his presence at trial and may subject him
22 to the restrictions and conditions of the detention facility so long as those conditions and
23 restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536-37. If
24 a particular condition or restriction of pretrial detention is reasonably related to a legitimate
25 governmental objective it does not, without more, amount to "punishment". *See* id. at 539; *cf*.
26 *Wagner v. County of Maricopa*, 701 F.3d 583, 589 (9th Cir. 2012) (remanding to trial court to
27 determine whether the unexplained procedure of "dressing-out" a detainee, known to be in need of
28 psychiatric treatment, from civilian clothes to jail garb, which included wearing pink underwear,

was punishment without legal justification when detainee believed he was being raped and humiliated). For example, states must be able to take steps to maintain security and order at pretrial facilities, and restraints that are reasonably related to a facility's interest in maintaining jail security are not, without more, unconstitutional punishment. *See Bell v. Wolfish*, 441 U.S. at 540.

The exact nature of plaintiff's complaint is difficult to discern. It appears that plaintiff was arrested by San Francisco Police Officers for a domestic violence incident. He argues that his arrest was unfounded and the police targeted him due to his race. It appears that the charges are still pending; therefore, plaintiff cannot proceed with a case to obtain money damages until the case has been resolved.

Plaintiff also argues that his wife framed him in order to obtain their house and she took a term life insurance policy out on him because she conspired with the police to have him killed. Plaintiff has failed to demonstrate that his wife's actions were committed under color of state law. If plaintiff cannot demonstrate that his wife was a state actor he cannot proceed with a § 1983 action against her.

Plaintiff also alleges that his rights were violated while being held in the jail psychiatric unit. However, he provides no specific allegations regarding the improper treatment, instead just arguing that his rights were violated. This is insufficient to state a claim. The complaint is dismissed with leave to amend to address the deficiencies discussed above. Plaintiff must identify specific defendants and describe how they violated his constitutional rights. Conclusory allegations are insufficient. Plaintiff must also describe the status of the criminal case against him and he must present allegations that his wife was a state actor.

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

4

# CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. The motion to appoint counsel (Docket No. 17) is **DENIED**.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 16, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN L. DAVIS,

        Plaintiff,

v.

GREG SUHR, et al.,

        Defendants.

Case No. 16-cv-04487-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John L. Davis
16664426
850 Bryant Street
San Francisco, CA 94103

Dated: November 16, 2016

        Susan Y. Soong
        Clerk, United States District Court

        By: /s/ Lisa R. Clark
        LISA R. CLARK, Deputy Clerk to the
        Honorable JAMES DONATO