UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. DAVIS,<br>   Plaintiff,<br>  v.<br>GREG SUHR, et al.,<br>   Defendants. | Case No. 16-cv-04487-JD<br><br>**ORDER LIFTING STAY AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>Re: Dkt. No. 31 |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This action was stayed pending the outcome of plaintiff's criminal proceeding. Plaintiff has filed an amended motion to lift the stay and indicates that he pled no contest in his domestic violence case. The stay is lifted and the Court will review the amended and second amended complaints.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was the victim of a false arrest due to a conspiracy of local and federal law enforcement. He seeks money damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim); *see, e.g., Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (existence of probable cause is complete defense to § 1983 claim alleging false arrest). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Where officers have no lawful basis for stopping an individual, they have no lawful basis for pursuing an arrest for resisting, impeding, or obstructing a peace officer when that individual does not accede to the investigatory stop. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1019 (9th Cir. 2015).

2

Plaintiff states that various San Francisco Police Officers and federal officials conspired to have him arrested and they were trying to kill him. However, plaintiff pled no contest to some of the criminal charges therefore his request to obtain damages is barred by *Heck*, unless the conviction is later reversed or overturned. To the extent plaintiff seeks relief regarding a conspiracy to investigate and arrest him that would not be barred by *Heck*, he has failed to state a claim for relief. Simply stating that the local and federal officials were conspiring against him is insufficient. He must identify specific defendants and describe how they violated his constitutional rights. He will be provided one last opportunity to amend.

## CONCLUSION

1. The motion to lift the stay (Docket No. 31) is **GRANTED**. The stay is **LIFTED** and this case is **REOPENED**.

2. The amended and second amended complaints are **DISMISSED** with leave to amend. The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 1, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN L. DAVIS,

    Plaintiff,

v.

GREG SUHR, et al.,

    Defendants.

Case No. 16-cv-04487-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John L. Davis
16664426
850 Bryant Street
San Francisco, CA 94103

Dated: July 1, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5