UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN L. DAVIS,
    Plaintiff,
  v.
GREG SUHR, et al.,
    Defendants.

Case No. 16-cv-04487-JD

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 35, 36, 37

Plaintiff, a prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This action was stayed pending the outcome of plaintiff's criminal proceeding. The stay was lifted, and the second amended complaint was dismissed with leave to amend. Plaintiff has submitted a filing (Docket No. 33) that the Court construes as a third amended complaint. Plaintiff has also filed several motions for injunctive relief.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was the victim of a false arrest due to a conspiracy of local and federal law enforcement. He seeks money damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim); *see, e.g., Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (existence of probable cause is complete defense to § 1983 claim alleging false arrest). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Where officers have no lawful basis for stopping an individual, they have no lawful basis for pursuing an arrest for resisting, impeding, or

2

obstructing a peace officer when that individual does not accede to the investigatory stop. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1019 (9th Cir. 2015).

Plaintiff states that various San Francisco Police Officers and federal officials conspired to have him arrested and they were trying to kill him. However, in the prior screening order the Court noted that plaintiff pled no contest to criminal charges related to the domestic violence allegations, therefore his request to obtain damages was barred by *Heck*, unless the conviction was later reversed or overturned. To the extent plaintiff sought relief regarding a conspiracy to investigate and arrest him that would not be barred by *Heck*, he had failed to state a claim for relief. He was informed that simply stating that the local and federal officials were conspiring against him was insufficient. Plaintiff has filed a third amended complaint but has failed to cure the deficiencies noted by the Court.

Plaintiff has not addressed *Heck* and why this action for damages should continue even though he pled no contest. Because his claims are barred by *Heck*, this case is dismissed. To the extent plaintiff presents claims that are not *Heck* barred, he has failed to state a cognizable claim. Plaintiff presents general claims of a conspiracy and false arrest, but his allegations are not plausible on their face. *See Iqbal*, 556 U.S. at 679. This action is dismissed without leave to amend because plaintiff has already been provided multiple opportunities to amend and allowing further amendment would be futile.

Plaintiff has also filed motions for injunctive relief related to the conditions of his confinement, but these claims are not related to the content of the underlying complaint. The motions for injunctive relief are denied. If plaintiff seeks relief regarding the conditions of his confinement, he may file a separate civil rights actions containing those allegations.

**CONCLUSION**

1. This action is **DISMISSED** for failure to state a claim and as *Heck* barred. If plaintiff's conviction is reversed or expunged, he may file a new case.

2. The motions for injunctive relief (Docket Nos. 35, 36, 37) are **DENIED**. The Clerk shall send plaintiff a blank civil rights form and an IFP application. If plaintiff seeks relief regarding the conditions of his confinement, he may file a new case.

3. The Clerk will close this case.

**IT IS SO ORDERED.**

Dated: October 16, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>GREG SUHR, et al.,<br><br>   Defendants. | Case No. 16-cv-04487-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 16, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John L. Davis ID: 16664426
Attn: Nicholas Gregoratos
San Francisco Sheriff's Department
425 7th Street Mailroom
San Francisco, CA 94103

Dated: October 16, 2019

             Susan Y. Soong
             Clerk, United States District Court

             By: _____
             LISA R. CLARK, Deputy Clerk to the
             Honorable JAMES DONATO